IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID EARL JAY )
)
v. ) NO. 3-14-2277
) JUDGE CAMPBELL
BAYVIEW LOAN SERVICING, )
LLC, et al. )

MEMORANDUM

Pending before the Court is a Motion to Dismiss filed by Defendant Bayview Loan Servicing, LLC ("Bayview") (Docket No. 9). For the reasons stated herein, Defendant Bayview's Motion to Dismiss is moot as to Count II and is denied as to Count III. Plaintiff's claims against Bayview under Count II of the Complaint, the claims for violation of the Truth in Lending Act, are dismissed by agreement (Docket No. 11).

FACTS

Plaintiff has sued Defendants Bayview Loan Servicing, LLC and M & T Mortgage for actions and inactions arising from Plaintiff's mortgage account for property located at 2707 Hartford Drive, Nashville, Tennessee. Plaintiff alleges that Defendants have violated several federal and state statutes in connection with his mortgage.

Defendant Bayview's Motion to Dismiss focuses on two of those statutes, the Truth in Lending Act ( 15 U.S.C. § 1601, *et seq.*) and the Foreclosure-Related Rescue Services statute (Tenn. Code Ann. § 47-18-5401, *et seq.*).[1] Bayview asks the Court to dismiss Counts II and III as to

---

[1] Plaintiff's Tennessee Consumer Protection Act ("TCPA") claim is dependent upon the Foreclosure-Related Rescue Services claim because Plaintiff alleges that Defendants are liable under Tenn. Code Ann. § 47-18-104(44), which provides that persons who violate the Foreclosure-Related Rescue Services statute (§ 47-18-5402) violate the TCPA.

Bayview. Plaintiff has withdrawn his Truth in Lending Act allegations (Count II) against Defendant Bayview, so the Motion to Dismiss in that regard is moot.

With regard to the Foreclosure-Related Rescue Services claim (Count III), Defendant contends that the statute is not applicable to Bayview.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## FORECLOSURE-RELATED RESCUE SERVICES CLAIM

Tennessee law provides that in the course of offering or providing foreclosure-related rescue services, no "foreclosure-rescue consultant" shall:

> (1) engage in any unfair, misleading, or deceptive acts or practices during the course of advertising, marketing, offering, selling or contracting for foreclosure-related services; (2) engage in or initiate foreclosure-related rescue services without first executing a written agreement with the homeowner fo foreclosure-related rescue services; (3) solicit, charge, receive or attempt to collect or secure payment, directly or indirectly, for foreclosure-related rescue services before completing or performing

> all services contained in the agreement; (4) induce or attempt to induce any consumer to enter into a contract or agreement that does not fully comply in all respects with the statute; or (5) fail to accept and honor a consumer's request to cancel and provide any related refunds within ten business days.

Tenn. Code Ann. § 47-18-5402(a).

"Foreclosure-related rescue services" means any service related to or promising assistance in connection with (1) stopping, avoiding or delaying foreclosure proceedings concerning residential real estate property; or (2) curing or otherwise addressing a default or failure to timely pay with respect to a residential mortgage loan obligation. Tenn. Code Ann. § 47-18-5401(1).

"Foreclosure-rescue consultant" means a person who directly or indirectly makes a solicitation, representation or offer to a homeowner to provide or perform, in return for payment of money or other valuable consideration, foreclosure-related rescue services Tenn. Code Ann. § 47-18-5401(2).

Bayview argues that it is not a foreclosure-rescue consultant because it is specifically excluded by the exception in Section 47-18-5401(2)(C), which provides that a foreclosure-related consultant shall not include a person who holds or is owed an obligation secured by a lien on any residential real property in foreclosure if the person performs foreclosure-related rescue services in connection with this obligation or lien and the obligation or lien was not the result of or part of a proposed foreclosure reconveyance or foreclosure-rescue transaction. Tenn. Code Ann. § 47-18-5401(2)(C).

Bayview contends that as servicer for the holder and owner of the deed of trust on this property, it is not a foreclosure-rescue consultant. Bayview claims that Plaintiff has not even asserted that Plaintiff paid money or other valuable consideration for the solicitation, representation or offer to a homeowner to provide or perform such services.

3

Plaintiff, on the other hand, contends that Bayview, as servicer of the mortgage, is not exempt under this statute because it is not the holder of the obligation and not owed the obligation secured by the lien on Plaintiff's property. Plaintiff argues that Bayview is not a creditor or lender. In addition, Plaintiff's Complaint alleges that Bayview charged Plaintiff's loan account for "loss mitigation services," which refers to processing applications of homeowners facing foreclosure and/or default to be considered for loan modification, short sale, and/or deed in lieu. Plaintiff argues that these charges qualify as money for foreclosure-related rescue services under Tennessee law.

The Court finds that Plaintiff's Complaint sufficiently states a claim for violation of the Foreclosure-Related Rescue Services statute, as enforced through the TCPA. Defendant's arguments concerning the inapplicability of the TCPA to lenders and creditors contradicts its claim that it is merely the servicer of Plaintiff's loan.[2] Plaintiff's Complaint is sufficient to state this claim for purposes of a Motion to Dismiss.

## CONCLUSION

Accordingly, Bayview's Motion to Dismiss (Docket No. 9) is moot as to Count II and is denied as to Count III.

IT IS SO ORDERED.

                                                         _Todd Campbell_
                                                         TODD J. CAMPBELL
                                                         UNITED STATES DISTRICT JUDGE

---

[2] The cases Bayview cites involve banks, not servicers.