IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID EARL JAY )
)
v. ) NO. 3-14-2277
) JUDGE CAMPBELL
BAYVIEW LOAN SERVICING, LLC, )
et al. )

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (Docket No. 41). For the reasons stated herein, Plaintiff's Motion is DENIED.

INTRODUCTION

This action involves Plaintiff's mortgage on his primary residence in Nashville, Tennessee. Plaintiff alleges that Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is the creditor on his mortgage loan and that Defendants M&T Mortgage ("M&T") and Bayview Loan Servicing, LLC ("Bayview") received servicing rights to his mortgage at a time when his loan was delinquent. Plaintiff alleges that Defendants have violated federal and state consumer laws in connection with his mortgage.

Plaintiff seeks summary judgment as to Defendants' liability under the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), and the Real Estate Settlement and Procedures Act ("RESPA").

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm*

*Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## ANALYSIS

### FDCPA

The Fair Debt Collection Practices Act prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d. Moreover, if a consumer notifies the debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, then it is unlawful for a debt collector to communicate further with that consumer with

respect to a debt, except in specific situations.[1] 15 U.S.C. § 1692c(c). Causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number is specifically forbidden. 15 U.S.C. § 1692d(5).

Plaintiff alleges that Defendants violated the FDCPA by their constant calling of the Plaintiff's cell phone despite Plaintiff's written instructions to cease communications on his cell phone. Defendants admit that, on April 1, 2014, they received written notification from Plaintiff that he wanted all communication to be done in writing. Defendants contend, however, that notwithstanding that written notice, Plaintiff continued to make numerous calls to both Bayview and M&T. Defendants assert that all telephone calls by and between Plaintiff and Defendants after the "cease communication by phone" letter were either responding to phone calls from Plaintiff or were seeking information from Plaintiff to finalize the loan modification he had requested, not to collect a debt. In addition, Defendants argue they have provided evidence that none of the phone calls to Plaintiff were made with the intent to annoy, abuse or harass him.

Given Defendants' testimony and evidence and taking the evidence in the light most favorable to Defendants, the Court finds that there are genuine issues of material fact as to whether Defendants violated these two sections of the FDCPA. A jury could believe either Plaintiff or Defendants as to the nature of any phone calls after Plaintiff's written notice to Defendants and as to whether such calls were intended to annoy, abuse or harass.

Therefore, Plaintiff's Motion for Partial Summary Judgment on Sections 1692c and 1692d is denied.

---

[1] The parties have not argued that any of these exceptions applies here.

Plaintiff contends, in his Memorandum,[2] that after this lawsuit was filed, Defendant violated 15 U.S.C. § 1692b by failing to correspond with Plaintiff's counsel in collecting the mortgage debt.

Section 1692b deals with communication "with any person other than the consumer for the purpose of acquiring location information about the consumer." It provides that, after the debt collector knows the consumer is represented by an attorney with regard to the subject debt, the debt collector cannot communicate with any person other than the attorney regarding location information about the debtor. Section 1692b does not require that the debt collector have no more communication with the debtor himself. It specifically addresses only communication "with any person *other than the consumer*" (emphasis added).

Therefore, Plaintiff's Motion for Partial Summary Judgment on violation of Section 1692b is also denied.

Plaintiff argues that Defendants have violated 15 U.S.C. § 1692e,[3] which provides, in part, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Included in the examples of "false representations" is the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2)(A).

Plaintiff contends, in his Memorandum, that Defendants violated this statute by including, in the statements sent to Plaintiff, attorneys' fees related to this litigation as part of the amount of the debt he owes. Defendants point out that the Deed of Trust, signed by Plaintiff provides for charging to the loan any attorneys' fees if there is a legal proceeding that might significantly affect

---

[2] The Court can find no claim in Plaintiff's Amended Complaint for violation of 15 U.S.C. § 1692b.

[3] Again, the Court can find no claim in the operative Complaint for violation of 15 U.S.C. § 1692e.

the lender's interest in the property or rights under the Deed of Trust. Defendants have has shown that there are genuine issues of material fact as to this issue as well.

Therefore, Plaintiff's Motion for Partial Summary Judgment with regard to Section 1692e is also denied.

Finally, with regard to the FDCPA, Plaintiff argues that, pursuant to 15 U.S.C. § 1692k, proof of actual damages is not necessary in establishing a violation of the FDCPA. Plaintiff states that the FDCPA is a "strict liability" statute and he is entitled to statutory damages for each violation thereof. This argument obviously rises or falls based upon whether the jury finds that Defendants actually violated the FDCPA, so Plaintiff's Motion for Partial Summary Judgment on this issue is also denied.

TILA

Plaintiff asserts that he is entitled to summary judgment against Defendant Freddie Mac under the Truth in Lending Act. He contends that Defendants Bayview and M&T, on behalf of Freddie Mac, violated the TILA by failing to timely credit Plaintiff's checks upon receipt.

Defendants have presented evidence, by affidavit, that they never received two of the checks at issue. This factual dispute cannot be decided at this time. Defendants also have presented evidence, by affidavit, that the other check at issue was applied to Plaintiff's loan on the day it was received. Again, there are issues of fact which preclude summary judgment on this claim.

For these reasons, Plaintiff's Motion for Partial Summary Judgment as to his Truth in Lending claim is denied.

RESPA

Plaintiff argues that Defendants Bayview and M&T violated the Real Estate Settlement and Procedures Act by failing to respond to Plaintiff's correspondence requesting information. Defendants have testified, by affidavit, that they never received the alleged correspondence attached to Plaintiff's Motion as Exhibit 15 (Docket No. 41-15). There, therefore, are genuine issues of material fact as to whether Defendants violated RESPA because there is a dispute as to whether they even received such correspondence.

Accordingly, Plaintiff's Motion for Partial Summary Judgment on his RESPA claims is also denied.

## CONCLUSION

Viewing the evidence in the light most favorable to the Defendants, as the Court must do, there are genuine issues of material fact as to all of Plaintiff's claims, and Plaintiff's Motion for Partial Summary Judgment (Docket No. 41) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE